**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**CARL WEBER,**

                **Plaintiff,**          08 Civ. 983 (JGK)

      - against -                **OPINION AND ORDER**

**JIHAD UHURU,**

                **Defendant.**
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The defendant, Jihad Uhuru, moves pro se to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(5) on the grounds of insufficiency of service of process. The plaintiff responds that the Summons and Complaint were properly served on the defendant pursuant to N.Y. C.P.L.R. § 308(4), as permitted by Fed. R. Civ. P. 4(e)(1), by affixing the Summons to the door of the defendant's actual place of residence or usual place of abode in Georgia, and by mailing the Summons to the defendant at his last known address. The defendant responds that he had in fact abandoned the residence where the Summons was left, and indeed only found out about it at a later time. The plaintiff says there is no proof that the defendant had abandoned those premises, but the defendant has submitted an affidavit affirming that he did so. Under the circumstances, there is at least an issue of fact as to whether the service of process was sufficient, and the Court could not grant the motion to dismiss

without an evidentiary hearing to determine whether the Summons was in fact served at the defendant's actual place of residence or usual place of abode.

It is apparent, however, that an evidentiary hearing would be a needless waste of resources in this case. The defendant has submitted a motion and indicated his current address. Service could certainly be effected at that address and there would then be no basis to dismiss the Complaint for insufficient service of process.

Moreover, in the current papers, the defendant asserts that he is in bankruptcy. If that is the case, the case would be stayed in any event.

The plaintiff had obtained a Notice of Default from the Clerk and had moved by Order to Show Cause for a Default Judgment, but the defendant has now appeared to contest this case and has presented a sufficient reason why a Default Judgment should not be entered.

CONCLUSION

Therefore, the defendant's motion to dismiss (Docket No. 7) is **denied without prejudice to renewal**. The Notice of Default entered by the Clerk is **vacated**. The Order to Show Cause for a Default Judgment is **denied**.

The defendant is directed to provide the Court with evidence as to whether he is in fact in bankruptcy by **September 19, 2008**.

The plaintiff should properly complete service of the Summons and Complaint on the defendant, or otherwise arrange for service on the defendant by agreement with the defendant, by **September 26, 2008**, if this case is not stayed as a result of a bankruptcy petition filed by the defendant.

The time for the defendant to move or answer with respect to the Complaint, if this case is not stayed as a result of bankruptcy, is extended to **October 10, 2008**.

**SO ORDERED**

**Dated: New York, New York
September 10, 2008**

John G. Koeltl
United States District Judge